IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MELISSA FRANCIS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CORRECTLIFE BOSTICK, LLC., | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Melissa Francis ("Plaintiff"), by and through her undersigned counsel, and files her Complaint against Correctlife Bostick, LLC ("Defendant") for retaliatory discharge for exercising her rights under the Family and Medical Leave Act, 29 U.S.C. 2611 *et seq.,* showing the Court the following:

INTRODUCTION

1.

Plaintiff was employed by the Defendant as Director of Nursing for Defendant's nursing home facility. Plaintiff became infected with the COVID-19 virus in or around April 2020 and was subsequently hospitalized or on bedrest until her return-to-work June 8, 2020. Within the first week of her return to work, Plaintiff

was notified via telephone by Defendant's chief executive that her employment with Defendant was terminated due to injuries suffered by a nursing home patient having occurred during Plaintiff's medical leave. Defendant contended that the patient's injuries was likely to result in litigation against the Defendant and that Plaintiff was responsible because the nursing staff under would have been supervised but for her medical leave absence. Defendant subsequently changed its reason for Plaintiff's termination the following day, citing performance issues from December 2019. Plaintiff contends that Defendant's articulated reason for her termination is pretext and that Plaintiff was terminated from her employment with Defendant in retaliation for exercising her rights under the FMLA.

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343.

2.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

4.

Defendant is a for-profit corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System, 112 North Main Street, Cumming, GA 3040.

6.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7.

On April 14, 2020, Plaintiff had been employed by Defendant for at least 12 months.

8.

On April 14, 2020, Plaintiff worked for Defendant for at least 1,250 hours during the previous 12-month period.

9.

Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

10.

Defendant is engaged in commerce or in any industry or activity affecting commerce.

11.

Defendant employs 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

12.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

## FACTUAL ALLEGATIONS

13.

Defendant hired Plaintiff on or about January 2018, as a Director of Nursing.

14.

On or about April 14, 2020, Plaintiff sought medical attention and testing for COVID-19 infection.

15.

Approximately three days after Plaintiff's April 14, 2020 COVID-19 test, Plaintiff learned that she had tested positive for the COVID-19 virus.

16.

Plaintiff was ordered by her treating medical physicians to quarantine for approximately two weeks.

15.

Plaintiff notified her employer of her diagnosis and the requirement that she quarantine.

16.

On or about April 19, 2020, Plaintiff experienced worsening medical symptoms that resulted her visiting the hospital emergency room where she was subsequently admitted to the hospital that day.

17.

On April 19, 2020, Plaintiff was diagnosed with respiratory failure and bilateral pneumonia, serious health conditions.

18.

Plaintiff was hospitalized for eight consecutive (8) days during which she was given oxygen to supplement her breathing.

19.

On April 28, 2020, Plaintiff was released from the hospital and ordered to maintain bed rest two weeks. Plaintiff was assigned a nurse to visit her in her home during the two week bed rest period.

20.

On or about May 26, 2020, Plaintiff received a text message from Defendant's human resources representative advising her paid time off had been exhausted.

21.

Plaintiff requested and obtained authorization from her doctor to return to work.

22.

On June 8, 2020, Plaintiff resumed working for the Defendant.

23.

On or about June 14, 2020, Plaintiff received a call from Aaron Minniefield ("Minniefield"), Defendant's chief executive, advising her that her employment with the Defendant was terminated effective immediately.

24.

Plaintiff questioned Minniefield for the reason her employment was being abruptly terminated. Upon information and belief, Minniefield advised Plaintiff that Defendant was facing a lawsuit for injuries a sustained by a patient during Plaintiff medical leave. He further explained that had Plaintiff been present for duty on the date and time in question, Plaintiff's nursing staff would have been adequately supervised and Defendant would not be facing the costs and expenses associated with the patient's injuries.

25.

On or about June 15, 2020, Plaintiff went to Defendant's facility to retrieve her personal belongings and to receive her separation documentation from Defendant's human resources representatives.

26.

During Plaintiff's meeting with Defendant's human resources representatives on June 15, 2020, Minniefield call into the meeting and advised the Plaintiff that she was not being terminated for performance deficiencies.

27.

Upon information and belief, during Minniefield's call with the Plaintiff and Defendant's human resources representatives, Minniefield verbally gave Plaintiff

the option of resigning from her employment with the Defendant or be terminated for alleged performance deficiencies.

28.

Plaintiff refused to resign her employment with the Defendant.

29.

In response to Plaintiff's refusal to resign her employment with the Defendant, Minniefield issued to the Plaintiff a written reprimand that referenced verbal counseling on three separate occasions and failure to follow policy and procedure and poor job performance.

30.

Plaintiff has not been verbally counseled by Defendant or any of its representatives regarding her performance prior to Minniefield terminating her employment.

31.

Plaintiff had not been counseled verbally or otherwise for failure to follow policy and procedure.

32.

Prior to Minniefield terminating her employment, Plaintiff had not received any communication from any of Defendant's management suggesting that her job performance was poor.

COUNT I
INTERFERENCE WITH PLAINTIFF'S EXERCISING FMLA RIGHTS

33.

Plaintiff re-alleges paragraphs 1-32 as if set forth fully herein.

34.

Plaintiff was an "eligible employee" for FMLA benefits.

35.

Plaintiff had a serious health condition as defined by the FMLA.

36.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on or about April 14, 2020.

37.

Plaintiff notified Defendant's human resources representative on or about April 14, 2020 that she was facing symptom of illness that were consistent with COVID-19 infection and that she was taking leave to seek treatment and testing.

38.

Plaintiff notified Defendant's human resources representative on April 17, 2020, that she tested positive for COVID-19 and was ordered to quarantine for not less than 14 days.

39.

Defendant did not notify Plaintiff of her eligibility to take FMLA leave.

40.

Defendant did not issue to the Plaintiff a written notice stating whether Plaintiff was eligible for FMLA leave.

41.

Defendant did not orally notify the Plaintiff of her eligibility for FMLA leave.

42.

Defendant did not issue to the Plaintiff a written notice detailing an employee's rights and responsibilities as employee with respect FMLA and the specific expectations and obligations of Defendant's employees including any consequences of failing to meet those obligations.

43.

Defendant failed to evaluate Plaintiff's leave for COVID-19 infection and subsequent related hospitalizations for qualification to be designated FMLA qualifying leave.

44.

Pursuant to 29 C.F.R. 825.300(d)(1), "The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee…".

45.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

46.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, Social Security, and other benefits due to her solely because of her right to leave under the FMLA.

47.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and

(B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II
## RETALIATION FOR EXERCISING FMLA RIGHTS

48.

Plaintiff re-alleges paragraphs 1-32 as if set forth fully herein.

49.

Plaintiff took FMLA qualifying leave in April 2020 – May 2020.

50.

Defendant terminated Plaintiff's employment on or about June 15, 2020.

51.

Defendant terminated Plaintiff's employment because Plaintiff's use of FMLA qualifying leave cause her to be unavailable to supervise Defendant's employees when their actions resulted in Defendant being suing injuries sustained by an injured patient.

52.

Defendant was aware of Plaintiff's use of FMLA qualifying medical leave.

53.

But for Plaintiff's use of FMLA qualifying leave, Defendant would not have terminated Plaintiff's employment.

**WHEREFORE**, Plaintiff prays that the Honorable Court enters judgment in her favor and grant her the relief as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(c) General damages for mental and emotional suffering caused by Defendant's misconduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

(g) Trial by jury as to all issues;

(h) Prejudgment interest at the rate allowed by law; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 29th day of April, 2021.

        **MORGAN & MORGAN ATLANTA PLLC**

        /s/ *Anthony Dawkins*
        Anthony Dawkins
        Georgia Bar No. 157904
        Attorney for Plaintiff

191 Peachtree St. NE, Suite 4200
P.O. Box 57007
Atlanta, GA  30343
Direct: (404) 965-1872
Fax: (404) 720-3839
adawkins@forthepeople.com